NATIONAL DAIRY PRODUCTS CORPORATION, Plaintiff,

v.

The BORDEN COMPANY et al., Defendants.

Civ. A. Nos. 63-C-74, 63-C-114, 63-C-116 and 63-C-117.

United States District Court, E. D. Wisconsin.

Aug. 7, 1973.

Edwin M. Luedeka, Fitch, Even, Tabin & Luedeka, C. Lee Cook, Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., for National Dairy Products Corp. (now by change of name Kraftco Corp.) in Civ. A. Nos. 63–C–74, 63–C–113, 63–C–114, 63–C–116, and 63–C–117.

Fred Wiviott, Robert P. Harland, Whyte, Hirschboeck, Minahan, Harding & Harland, Patrick W. Cotter, Brady, Tyrrell, Cotter & Cutler, Milwaukee, Wis., for Interim Development Co., Inc. and Hayssen Mfg. Co., a Delaware corp., in Civ. A. Nos. 63–C–74, 63–C–113, 63–C–114, 63–C–116 and 63–C–117.

Robert A. Downing, Sidley & Austin, Chicago, Ill., David J. Hase, Cook & Franke, Milwaukee, Wis., for The Borden Co. in Civ. A. No. 63–C–74.

Thomas O. Kloehn, Quarles, Herriott, Clemons, Teschner & Noelke, Milwaukee, Wis., for Frigo Brothers Cheese Corp. in Civ. A. No. 63–C–114.

Jack Shore and John Milnamow, Herman Gordon, Dressler, Goldsmith, Clement & Gordon, Chicago, Ill., Maurice McSweeney, Foley & Lardner, Milwaukee, Wis., for L. D. Schreiber & Co., Inc. and L. D. Schreiber Cheese Co., Inc., in Civ. A. No. 63–C–116.

George M. St. Peter, St. Peter & Hauer, Fond du Lac, Wis., for the Trustee in Bankruptcy for Concord Cheese Corp., in Civ. A. No. 63–C–117.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Hayssen Manufacturing Company, a Delaware corporation (Hayssen Delaware), has filed a motion for summary judgment in these related patent cases. There appears to be a lack of complete agreement between the parties as to precisely what is sought to be resolved by the motion. It is my opinion, however, that the movant's position is reasonably clear.

Hayssen Delaware seeks partial summary judgment dismissing those portions of paragraphs 7 and 8 of each amended complaint which charge it with liability for infringing or contributorily infringing acts of the former Wisconsin corporation of the same name (Hayssen Wisconsin) occurring prior to a sale of the assets of Hayssen Wisconsin to Hayssen Delaware.

Hayssen Delaware also seeks partial summary judgment dismissing those portions of the same paragraphs of the complaint which charge it directly with contributory infringement after the sale of assets by virtue of its sale of an "apparatus" to the other defendants. Resolution of the motion requires a look at the history of this litigation and at the

history of the defendant Hayssen Delaware.

These actions were commenced in this district in 1963. The complaints charged infringement of United States Letters Patent No. 2,919,990, the plaintiff's patent covering a "Method of Continuously Producing Packaged Units". It was alleged in each case that the defendants other than Hayssen Wisconsin used certain machines for wrapping cheese and that such use infringed the method covered by the claims of the plaintiff's patent. Hayssen Wisconsin, which had sold and serviced the machines in question, was charged with infringement and contributory infringement in each case.

The cases were consolidated, and the validity issue was severed and tried in another branch of this court. The invention claimed in the patent was found to be obvious by the trial judge; however, the court of appeals disagreed and held the patent valid. National Dairy Products Corp. v. Borden, et al., 261 F. Supp. 771 (1966), rev'd, 394 F.2d 887 (7th Cir. 1968). The issues of infringement and contributory infringement remain to be tried.

Hayssen Delaware was not joined as a defendant until 1969. Its involvement came about as a result of the sale of Hayssen Wisconsin's packaging machinery business. In late 1966, Bemis Company purchased certain of Hayssen Wisconsin's assets, including the packaging machinery business, and conveyed that business to its subsidiary Hayco, Inc. Shortly after the sale, Hayssen Wisconsin changed its name from Hayssen Manufacturing Company to Interim Development Company, Inc., and Hayco, Inc., a Delaware corporation, changed its name to Hayssen Manufacturing Company.

Thus, a new corporation, chartered in another state, took over the business of a Wisconsin corporation; but the name of the business, its location, the majority of its personnel and most other factors remained the same. In terms of ownership, however, it appears that the business completely changed hands. In 1969, the plaintiff amended its complaint in each action to add Hayssen Delaware and to charge it with infringement and contributory infringement.

Hayssen Delaware claims in its motion for summary judgment that it cannot be held responsible for the alleged infringing acts of Hayssen Wisconsin prior to the sale. There was no general assumption of liabilities other than those specifically stated, and Hayssen Delaware explicitly refused to assume liability for this action. The plaintiff, while conceding the general proposition that a purchaser of corporate assets is not liable for the infringing acts of the seller, urges that these cases fall within an exception to the rule.

The exception primarily relied upon by the plaintiff involves a purchasing corporation which is merely a continuation of the selling corporation. The plaintiff suggests that because the business continued without apparent change, that exception applies here. I do not believe the plaintiff is correct on this point. The test is not the continuation of the business operation but the continuation of the corporate entity. Forest Laboratories, Inc. v. Pillsbury Co., 452 F.2d 621 (7th Cir. 1971); West Texas Refining and Development Co. v. Commissioner, 68 F.2d 77 (10th Cir. 1933). The parties apparently agree that Hayssen Wisconsin and Bemis were separate corporate entities. Indeed, both still exist today, with Hayssen Wisconsin known as Interim Development Co.

It does not follow, however, that Hayssen Delaware's motion should be granted with respect to this issue. Another exception to the general rule applies if the transaction is shown to be fraudulently entered into in order to escape liability. I cannot now determine that such is, in fact, the case here, but I note that the plaintiff has raised questions concerning the motivation for and the details of the transaction. In view

of that, I do not believe that it would be appropriate to grant summary judgment on this issue when trial of the other matters involved herein may adduce facts which could provide clarification.

The defendant Hayssen Delaware also seeks a ruling, by way of summary judgment, that it cannot be held responsible for contributory infringement under 35 U.S.C. § 271(c). It is contended that the products it sold to the other defendants were components of an "apparatus" as that term is used in the statute and, therefore, that Hayssen Delaware is too far removed from the claimed infringement to be eligible for assessment of responsibility under § 271(c). The plaintiff disputes the characterization of the product, thereby creating a material factual issue. It follows that summary judgment would be unwarranted as to this aspect of the defendants' motion as well.

Therefore, it is ordered that the defendant Hayssen Delaware's motion for partial summary judgment be and hereby is denied.