Miguel **CINTRON**

v.

**AMSTED INDUSTRIES, INC., et al.**

**No. 74-69.**

United States District Court, E. D. Pennsylvania.

March 25, 1975.

**1148**

Michael T. McDonnell, Jr., Yeadon, Pa., for plaintiff.

John J. O'Brian, Jr., Clayton H. Thomas, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Plaintiff is suing defendants for injuries sustained by him while he was operating a machine punch press manufactured by defendant Johnson, and sold through a third-party to plaintiff's employer in 1943. Plaintiff's claim against defendants Louis C. Hahn, Hahn Machinery Corp., and Power Press Specialists rests on the following chain of allegations: that Louis Hahn was a partner of Joseph Moyer, at the time the latter sold the allegedly defective punch press to plaintiff's employer; that subsequent to Joseph Moyer's death, Louis Hahn, in partnership with two other men, including Moyer's son, purchased Moyer's assets from his widow/executrix; and that these men operated a business similar to Moyer's under the name of J. N. Moyer Company until 1945. Plaintiff claims that defendants Power Press Specialists and Hahn Machinery Corp. are liable on the basis of the following alleged events: that upon the termination of the J. N. Moyer Company [1] Louis Hahn and Harold Brandt formed a partnership which acquired the defunct company's assets; that upon Brandt's death in 1949 Hahn formed the Hahn Machinery Company with these assets; and that in 1955 Power Press specialists became a division of defendant Hahn Machinery Corporation. Plaintiff contends that through the above acts defendants assumed the liabilities of J. N. Moyer, including any liability to plaintiff from the sale of the allegedly defective punch press. In addition, plaintiff alleges that defendants Hahn Machinery Company

---

1. The documents and affidavits submitted by defendants show that the partnership of Louis C. Hahn, Henry I. Moyer, Jr., and Harold O. Brandt, which was formed after the assets were purchased from Moyer's widow but before the fictitious name of "J. N. Moyer Company" was acquired, was dissolved on August 3, 1945. The fictitious name of J. N. Moyer Company was cancelled on August 21, 1945.

and Power Press Specialists, while servicing and repairing the punch press which is the subject of this action, negligently failed to warn of the dangers of using the punch press without guards or to supply any guards.

The Hahn defendants [2] have moved for summary judgment on the grounds that they cannot be held to have assumed Moyer's liability, if any, for the sale of the press. The affidavits and documents presented by defendants establish that Joseph Moyer was a sole proprietor and that Louis Hahn was his employee, not his partner, when the machine at issue here was sold to plaintiff's employer. These documents also show that Hahn, Brandt, and the younger Moyer never explicitly assumed Moyer's liabilities when they purchased the bulk of his assets from his estate.

Based on the evidence submitted by defendants and uncontroverted by plaintiff, we are convinced that defendants did not assume the liabilities which Moyer may have owed to plaintiff. However, plaintiff has pled a claim of negligence against Hahn Machinery Company and Power Press Specialists which is separate from any claim based on liabilities assumed from Moyer. Therefore summary judgment would only be appropriate as to defendant Hahn, and we will grant defendant's motion as to Hahn but deny it as to Hahn Machinery Company and Power Press Specialists.

## DISCUSSION

The documents and affidavits submitted by defendants establish that Louis Hahn was not Moyer's partner at the time of sale and that the parties who purchased Moyer's assets from his widow did not expressly assume Moyer's liabilities [3]. Plaintiff has submitted no contrary evidence. However, plaintiff argues that these liabilities were nevertheless assumed because (1) the relevant provisions of the Pennsylvania Bulk Sales Act [4] require the assumption of liabilities in a transfer such as the one here; (2) that because of the relationships between the people involved in the transfer of Moyer's assets after his death the purchasers implicitly assumed Moyer's liabilities; and (3) that Hahn and the others implicitly assumed Moyer's liabilities by "continuing" his business after his death.

The Bulk Sales Act argument can be dealt with speedily. Plaintiff contends that the sale of assets by Moyer's widow was governed by § 103(7) of the Bulk Sales Act. § 103 exempts certain transfers from the Bulk Sales Act, including

"A transfer to a new business enterprise organized to take over and continue the business, if public notice of the transaction is given and the new enterprise assumes the debts of the transferor and he receives nothing from the transaction except an interest in the new enterprise junior to the claims of creditors . . .." 103(7).

Presumably, plaintiff's argument is that since the purchase from Moyer's widow was a "transfer to a new business enterprise organized to take over and continue the business" then the succeeding enterprise must have assumed the transferor's debts, or else defendant Hahn could not have complied with the terms of the Bulk Sales Act. This argument ignores the rest of the section, which requires that the transferor assume noth-

2. Louis C. Hahn, Hahn Machinery Corp., and Power Press Specialists.

3. This fact distinguishes the present case from the decision of the Pennsylvania Superior Court in Grantham v. Textile Machine Works, 326 A.2d 449 (October Term, 1973, No. 1774, decided September 23, 1974). In

*Grantham,* summary judgment was denied because movant failed to produce the agreement of sale, the only document which would settle the question of whether any liabilities were expressly assumed.

4. 12A § 6–101 et seq. (1954).

ing more than an interest in the new enterprise. No such interest was retained by Moyer's widow, who received cash from the sale. This argument also ignores the conditional language of this section, which appears to bring a transaction within its purview only if there was an express assumption of liabilities. In fact, whether or not the transaction was exempt under § 103(7) is irrelevant, since it is doubtful that the Bulk Sales Act applies to the sale of assets from an estate, given the fact that the estate's creditors have already been given notice and have had the opportunity to present their claims through the probate process.

■ Plaintiff contends that the sale of assets from Moyer's estate was an "inter-family, inter-employee" transaction, and that in such situations an assumption of liability can be implied. Plaintiff had offered no authority in support of this argument, nor can we find any. While it is possible that an entirely intra-family transfer might be seen as, in effect, no transfer at all, it is doubtful that this perspective could be carried over to the situation where the relative is only one of four buyers.

■ Plaintiff faces the same vacuum of authority in connection with his contention that defendant Hahn assumed Moyer's liabilities by "continuing" his business. Courts dealing with assumption of liabilities in the sale of corporate assets context have not found that the present situation, involving common name and function, some common assets, and some common personnel, is enough to make one business a continuation of another. Lopata v. Bemis Company, Inc., 383 F.Supp. 342 (E.D.Pa.1974);

National Dairy Products Corp. v. Borden Company, 363 F.Supp. 978 (E.D. Wisc.1973). While these cases involve corporate sales and thus do not control the present situation, they are an indication of the degree of congruity necessary to make one business the continuation of another.

■■ Since it has been determined that Hahn did not assume Moyer's liabilities, Hahn Machinery Company and Power Press Specialists cannot have assumed them, since it was only through Hahn that they could be considered successors in interest to Moyer. However, plaintiff has stated a cause of action against these two defendants for their own negligent acts. (Plaintiff's Complaint, ¶ 60). While these defendants' status as successors in interest to Moyer might be read as the basis for plaintiff's allegations against them, we cannot conclusively state that plaintiff has failed to state a claim of negligence against defendants Hahn Machinery Company, and Power Press Specialists completely apart from their alleged role as Moyer's successors.

### ORDER

And now, to wit, this 25th day of March, 1975, the motion of defendants Louis C. Hahn, Hahn Machinery Corporation, and Power Press Specialists for summary judgment is hereby granted as to defendant Louis C. Hahn, and denied as to defendants Hahn Machinery Corporation and Power Press Specialists.

Judgment is hereby entered on behalf of defendant Louis C. Hahn and against plaintiff in the above captioned matter.

And it is so ordered.