**Yorston v. Karoly**

*Robert W. Small*, for plaintiffs.
*Charles Laputka*, for defendants.

MCGINLEY, *J.*, March 12, 2014—The matter before us is a motion to compel discovery; the discovery at issue goes to the heart of plaintiffs' entire cause of action.

The genesis of the matter before us is in a separate case docketed at Lehigh County Court of Common Pleas 2008-C-3013. In that matter, Ronald and Beverly Yorston alleged that Lewis Thompson, Esquire, an employee of Karoly Law Offices, P.C., missed filing a complaint on the Yorstons' behalf within the applicable statute of limitations, falsified various praecipes for writ of summons with false docket numbers and a falsified court date/time stamp, and faxed those documents to the Yorstons, representing that suit had been commenced when, in fact, it had not been filed. Plaintiffs' complaint ¶ 12. The matter was submitted to binding arbitration; and, on May 12, 2011, the Yorstons were awarded damages in the amount of $1,065,544 against attorney Thompson and Karoly Law Offices, P.C. An order confirming the arbitration award was filed on October 11, 2011, and judgment on the award was entered April 25, 2014, against Karoly Law Offices, P.C.

John P. Karoly, Jr. was the sole shareholder of Karoly Law Offices, P.C. Plaintiffs' complaint ¶ 29; answer ¶ 19. John P. Karoly, Jr. was convicted of federal offenses unrelated to this matter and was stripped of his license to practice law on or about July 8, 2010. Plaintiffs' complaint ¶¶ 17, 18. He remains committed to Devens Federal Medical Center in Massachusetts. Karoly Law Offices, P.C. was compelled to terminate its practice of law due to John P. Karoly, Jr.'s disbarment. Answer and new matter of defendants Karoly Law Firm, LLC, Joshua Karoly and John P. Karoly, III, to the complaint of plaintiffs ¶ 31;

plaintiff's [sic] answers and objections to defendants' first requests for admission, filed November 1, 2013.

Two employees of Karoly Law Offices, P.C. incorporated a law practice known as Karoly Law Firm, LLC. The employees, John P. Karoly, III, and Joshua E. Karoly, are the sons of John P. Karoly, Jr. Plaintiffs' complaint ¶ 16. Karoly Law Firm, LLC was registered with the Pennsylvania Department of State on February 12, 2010. Answer and new matter of defendants Karoly Law Firm, LLC, Joshua Karoly and John P. Karoly, III, to the complaint of plaintiffs ¶ 6.

Plaintiffs have instituted the within action to enforce collection of the arbitration award against Karoly Law Offices, P.C., the two Karoly sons, and Karoly Law Firm, LLC, on the theories that assets were fraudulently transferred from the P.C. to the LLC in order to defeat the payment of the judgment in favor of the Yorstons; and that Karoly Law Firm, LLC, is a successor corporation to Karoly Law Offices, P.C. and is, therefore, liable for its obligations.

Plaintiffs filed a motion to compel discovery against defendant Karoly Law Offices, P.C. Specifically, the plaintiffs are requesting financial and accounting information related to cases and other client matters transferred from Karoly Law Offices, P.C. to Karoly Law Firm, LLC. Plaintiffs request the case name and basic case information, including: the type of case, status of the case, and fees related to the case. The information is sought in order to determine which cases, as alleged assets of the P.C., if any, were transferred from the P.C. to the LLC. Defendant Karoly Law Offices, P.C. objects to the discovery requests based on relevancy. Plaintiffs filed the instant motion to compel in order to receive the case

information.

While the scope of discovery is broad, permitting discovery of matters: "relevant to the subject matter… or reasonably calculated to lead to the discovery of admissible evidence," Pa.R.C.P. 4003.1, we need to determine whether the requested discovery is relevant in the causes of action alleged.

The first inquiry is what client matters, if any, being handled by a law firm are assets subject to recovery in a fraudulent transfer action. The Uniform Fraudulent Transfer Act (UFTA) defines a transfer as "every mode… of disposing of or parting with an asset or interest in an asset." Asset is defined as "property of a debtor." 12 Pa.C.S.A. § 5101.

The question before us then is whether client matters being handled by the P.C. were the property of Karoly Law Offices, P.C. It is only if that question is answered affirmatively that it then becomes relevant whether these client matters were transferred to Karoly Law Firm, LLC. Property is defined by the UFTA as "anything that may be the subject of ownership." 12 Pa.C.S.A. § 5101.

The arguments of the respective parties in this matter are not particularly helpful to our analysis. Plaintiffs focus on the issue of confidentiality of client names. While not an unimportant issue, it is secondary to the issue of property rights in client matters. Defendants basically assert our prior, unanalyzed ruling striking "cases" from the complaint at the preliminary objection stage.[1]

Neither party has provided us with case law guidance

---

1. The word "cases" is a word without any legal certainty, which is the reason it was stricken from the complaint. Presumably it means a matter which has proceeded to litigation or is being contemplated for litigation.

on point, nor have we been able to find any case law which analyzes whether "cases" are property as defined in the UFTA.

Because it is unquestionable that a litigant has the absolute right to counsel of his own choosing, a matter which is the subject of time billing cannot be a "case" having value. What remains is the matter of contingent fee litigation, in which the initiating lawyer may arguably have some interest in the value of the recovery from such cases.

In addressing this question in the context of the divorce code, 23 Pa.C.S.A. §§ 3101-3904, and as it pertains to equitable distribution in divorce proceedings, the Superior Court in *Beasley v. Beasley*, 359 Pa. Super. 20, 518 A.2d 545 (1986), provided the following reasoning in concluding that work performed on uncompleted contingency cases had no value:

> When a sole proprietor terminates his activity, the lights go out, the value of the sole proprietorship is extinguished and is non-transferable; the clients in the law firm cannot be sold, they can only be transferred and they have the absolute right to select their own future representation; nothing remains in residue which could be determined of value aside from tangible physical property, or work performed on partially completed cases, which may entitle the lawyer or his heirs to a quantum meruit payment.

The court in *Beasley* held that it was too risky to anticipate and estimate a return on contingency fees; thus the cases held no value for purposes of equitable distribution. *Id.* at 554.

To the extent that clients of the P.C. had pending

litigation, either filed or contemplated, which was the subject of contingent fee agreements, that litigation is not "anything that may be the subject of ownership" which is the definition of property as defined by the UFTA at 12 Pa.C.S.A. § 5101. That litigation is irrelevant, as it is unlikely to lead to admissible and relevant material under a UFTA theory; and it is, therefore, undiscoverable.

The second area of consideration is whether contingent fee actions which were initiated in the P.C. and were transferred to the LLC might be relevant in a cause of action based on the theory of successor liability.

We are obliged to assume at this stage in the proceedings that the theory of successor liability is a viable theory of recovery. Because the theory of successor liability is a creature of common law, there is no statute which provides a definition of "asset;" nor are there any cases which assist us in interpreting the meaning of the word "asset."

Successor liability is not a cause of action, so much as it is an exception to the general rule.

> The general rule is that when one company sells or transfers all of its assets to a successor company, the successor does not acquire the liabilities of the transferor corporation merely because of its succession to the transferor's assets. *Husak v. Berkel Incorporated*, 234 Pa. Super. 452, 341 A.2d 174 (1975). *See also Knapp v. North American Rockwell Corp.*, 506 F.2d 361 (3d Cir. 1974) *cert. denied, North American Rockwell Corp. v. Knapp*, 421 U.S. 965, 95 S.Ct. 1955, 44 L.Ed.2d 452 (1975). However, there are several exceptions to this general rule:

> In order to find that this general rule is not applicable and that the transferee does acquire such liability, one of the

following must be shown: (1) the purchaser expressly or impliedly agrees to assume such obligation; (2) the transaction amounts to a consolidation or merger; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is fraudulently entered into to escape liability. *See Granthum v. Textile Machine Works*, 230 Pa. Super. 199, 326 A.2d 449 (1974). A fifth circumstance, sometimes included as an exception to the general rule, is where the transfer was without adequate consideration and provisions were not made for creditors of the transferor. *See Lopata v. Bemis Co., Inc.*, 383 F.Supp. 342 (E.D.Pa.1974); *McKee v. Harris-Seybold Co., Division of Harris-Intertype Corp.*, 109 N.J.Super. 555, 264 A.2d 98 (1970); 19 Am.Jur.2d Corporations § 1546 (1965); 15 W. Fletcher, Cyclopedia of Corporations § 7122 (Perm. ed. 1973). *Husak v. Berkel Incorporated, supra* at 456-57, 341 A.2d at 176-77.

*Dawejko v. Jorgensen Steel Co.*, 290 Pa. Super. 15, 18-19, 434 A.2d 106, 107 (Pa. Super. 1981).

Because there is no definition of assets in this common law theory of recovery, it is necessary to explore more fully whether unresolved contingent fee cases could represent assets in the context of successor liability.

It is helpful to look at the decision of the Superior Court in interpreting the Uniform Partnership Act 15 Pa.C.S.A. §§ 8301-8352. In *Huber v. Etkin*, 58 A.3d 772 (Pa. Super. 2012), an *en banc* panel considered whether contingency fees from cases that were initiated during the partnership, but realized following the dissolution of the partnership, constituted property of the partnership subject to division between the partners or whether the fees constituted property of the individual attorney chosen by the client

following dissolution. The court held that contingency fees realized post-dissolution are assets of the partnership.

The Superior Court distinguished this holding from *Beasley* because the equitable distribution required the valuation of the contingency fees as of a particular date (the date of separation or trial) at which point the contingency fees in question are as yet unresolved. *Id.* at 779. In a partnership dissolution, contingency fees not realized at the time of dissolution, but realized during the winding-up period, are partnership assets subject to division between the partners because the partners continue to owe a fiduciary duty to each other during the winding-up period. *Id.* at 780.

The Superior Court did not hold that litigation which might generate a contingent fee was an asset, but that the fee itself was an asset which required an accounting in the dissolution of a partnership. If successor liability is established, the ripening of the contingent fee action in a successor corporation may provide an opportunity for a more accurate valuation of a potential quantum meruit claim existing in the P.C. at the time of dissolution.

It is important to reiterate that the contingent fee actions themselves are not an asset under Pennsylvania law. If indeed there is a transferred asset here, it would be limited to a quantum meruit right to receive compensation for the work already performed on behalf of the client by the P.C. In the ordinary instance, a quantum meruit claim in a contingency fee action cannot be determined prior to the conclusion of the action; thus, the holding in Beasley. What we are holding is that plaintiffs may discover those contingent fee agreements in the litigation existing in Karoly P.C. and transferred to Karoly LLC, subject to specific confidentiality measures set forth in the

accompanying order.

What we do not conclude by this discovery order is whether the transfer of an unripened quantum meruit claim is indeed an asset, or indeed recoverable by plaintiff. We do not conclude whether the attorney who initiated the contingent fee case has an obligation to pursue a quantum meruit claim. These issues are for a later time.

## ORDER

And now this 12th day of March, 2014, upon consideration of plaintiffs' motion to compel discovery against defendant Karoly Law Offices, P.C. filed with the clerk of judicial records — civil division on November 5, 2013, plaintiffs' argument thereon,[2] defendant Karoly Law Offices, P.C.'s response thereto, plaintiffs' supplemental response filed thereafter, and for the reasons set forth in the attached opinion. It is ordered that plaintiffs' motion to compel discovery against defendant Karoly Law Offices, P.C. is granted in part and denied in part. Defendant Karoly Law Offices, P.C. shall respond to the discovery requests as set forth below within 30 days of the date of this order.

1. Plaintiffs' motion to compel defendant Karoly Law Offices, P.C. to answer "plaintiffs' third request for production of documents directed to all defendants (concise request for critical documents) is granted in part and denied in part as follows:

a. Request 1 is granted to the extent that it is amended to read:

---

2. Defendant Karoly Law Offices, P.C. did not file a response to plaintiffs' motion and was not permitted to argue. By order dated December 13, 2013, defendant Karoly Law Offices, P.C. was permitted to file a response and plaintiffs were permitted time to file a supplemental response.

"1. Produce a list of all contingent fee cases which were transferred from Karoly P.C. to Karoly LLC. For each such case produce the following information:

a) Provide the name of each client or case and provide the caption, the county in which the matter was litigated, and the docket number;

b) Provide a case number for the case;

c) Provide a brief description of the nature of the case;

d) Provide a brief description of the contingent fee agreement in the case;

e) Date case opened;

f) Procedural status of the case (e.g. in suit, on appeal, settled, or still open or active);

g) State the distribution of all fees derived from these cases and include to whom the distributions were made, including: Karoly P.C., Karoly LLC, John Karoly, JP Karoly, Joshua Karoly.

h) Produce all statements of distribution indicating how proceeds were distributed in accordance with subsection "g" above.

NOTE: The plaintiffs and their attorneys and agents agree to keep client names confidential. All client names will be redacted and a number substituted for each such client. Plaintiffs will provide the defendants with an index of the codes which they use in lieu of names (eg. 101 = John Smith, 102 = Jane Doe, etc)."

b. Request 2 is denied.

c. Request 3 is granted to the extent that it is amended

to read:

"3. Produce a list of all contingent fee cases which have been transferred from Karoly P.C. to Karoly LLC which are still open and active.

NOTE: The plaintiffs and their attorneys and agents agree to keep client names confidential. All client names will be redacted and a number substituted for each such client. Plaintiffs will provide the defendants with an index of the codes which they use in lieu of names (eg. 101 = John Smith, 102 = Jane Doe, etc)."

d. Request 4 is denied.

e. Request 5-8 are denied.

f. Request 9 is denied because it has been answered.

g. Request 10 is denied because it is not directed to defendant Karoly Law Offices, P.C.

h. Request 11 is denied because it has been answered.

i. Request 12 is denied because it is not directed to defendant Karoly Law Offices, P.C.

j. Request 13 is granted.

k. Request 14 is denied because it is not directed to defendant Karoly Law Offices, P.C.

l. Request 15 is denied because it has been answered.

m. Request 16 is denied.

n. Requests 17-18 are denied.

2. Plaintiffs' motion to compel defendant Karoly Law Offices, P.C. to answer "plaintiffs' second set of interrogatories to all defendants" is granted in part and

denied in part as follows:

a. Request 1 is denied because it has been answered.

b. Request 2 is granted to the extent that it is amended to read:

"2. If answered yes to question 1, state or produce the following:

a) Provide a list of each contingent fee case (including case number) which was handled by Karoly P.C. on the date of the sale or the day prior to the sale (Hereinafter referred to as the sale date).

b) Provide a list of each contingent fee case which was transferred by Karoly P.C. to Karoly LLC on the sale date."

c. Requests 3-6 are denied because they are not directed to defendant Karoly Law Offices, P.C.

d. Requests 7-9 are denied.

e. Request 10 is granted to the extent that it is amended to read:

"10. Was written notice given to all the contingent fee clients who were transferred from Karoly P.C. to Karoly LLC pursuant to Pa.R.P.C. 1.17.?"

f. Request 11 is granted to the extent that it is amended to read:

"11. If so, produce all such correspondence, emails, or other documents notifying each such contingent fee client of the sale and his rights and responsibilities."

g. Request 12 is granted to the extent that it is amended to read:

"12. With respect to all contingent fee cases which were transferred from Karoly P.C. to Karoly LLC, state, identify, or produce all contingent fee agreements between the client and Karoly P.C."

h. Request 13 is granted to the extent that it is amended to read:

"13. Account for all fees in these contingent fee cases and how they were distributed to Karoly P.C."

i. Request 14 is granted to the extent that it is amended to read:

"14. Account for all fees or money received by Karoly P.C. from Karoly LLC or by JP Karoly or Joshua Karoly or John Karoly.

a. For each such payment produce a cancelled check or other evidence of payment to the payee in question."

j. Requests 15-17 are denied.

k. Request 18 is granted to the extent that the interrogatories have been approved by the court.

l. Request 19 is denied because it has been answered.

m. Request 20 is denied because it is not directed to defendant Karoly Law Offices, P.C.

n. Request 21 is denied.

3. Plaintiffs' request for an appointment of a discovery master in this matter is denied.