In Re: Appeal of Officer James Patrick McMullin, Jr. from the Adjudication of Lancaster City Council. James Patrick McMullin, Jr., Appellant.

Argued February 9, 1979, before Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Samuel M. Mecum,* with him *Glazier, Minney, Mecum & Kohr,* for appellant.

*M. E. Newcomer,* with him *Louis J. Farina,* and *Donald E. Lefever,* for appellee.

OPINION BY JUDGE BLATT, April 2, 1979:

This is an appeal by James Patrick McMullin, Jr. (appellant) from an order of the Court of Common Pleas of Lancaster County, affirming the decision of the Lancaster City Council (Council), which upheld his dismissal from his position as patrolman with the Lancaster Bureau of Police (Bureau). He argues (1) that his rights were prejudiced because of repeated references during the hearing before the Council to the results of polygraph tests and (2) that the findings of the Council are not supported by substantial evidence.

The appellant was dismissed on April 13, 1977, pursuant to a written memorandum from Wilmer A. Hoover, Chief of Police, which indicated that he was being discharged under Rule VIII of the Rules and Regulations of the Civil Service Board for the Bureau of Police of the City of Lancaster. This Rule provides:

Section 1. For the first two years of employment, the patrolman shall be on probation. He may be dismissed from such duty or employment with just cause by the Chief of Police. The employee may appeal by petition such discharge within 30 days to City Council.

The specific charges listed were that the appellant lied to superiors concerning illicit drug activity by his roommate, that he failed to take enforcement action

upon observing marijuana use in his apartment, that he had a "drinking problem," and that he associated with persons involved in the unlawful use of controlled substances.

At the hearing before the Council, numerous references were made both by witnesses for the Bureau and by the appellant to the administration of two polygraph tests to which he had voluntarily submitted. None of the allegations made against the appellant and considered by the Council, however, was based on the results of these tests. The Council concluded that there was substantial evidence to support all of the charges except that one dealing with appellant's alleged "drinking problem." On appeal the court of common pleas rejected as unsupported by substantial evidence the finding that the appellant had associated with persons involved in the unlawful use of controlled substances. The court concluded, however, that

> there is substantial evidence in the record of the proceedings before the City Council to support the charge that Appellant lied to his superior officers on at least one occasion and knowingly failed to report . . . unlawful activity on several occasions.

Without addressing the polygraph issue at all, the lower court affirmed the appellant's dismissal.

Our review of the record convinces us that the appellant was not prejudiced by any references to the polygraph tests during the hearing.[1]

---

[1] Because we hold that the appellant was not prejudiced by the references to the polygraph tests, we need not decide the issue of whether or not such test results may be considered in dismissal proceedings. We do note, however, that the Crimes Code, 18 Pa.C.S. §7321(b), provides that "employes or other individuals in the field of public law enforcement" are excepted from the general proscription that a polygraph test may not be required as a condition of employment or continued employment. If the employing agency may require

In the first place, while the administration of the tests and the surrounding circumstances were the subject of considerable comment by various witnesses, only one reference to the *results* of the test was made. This statement was made at the end of a narrative by the Chief of Police, who was called as the first witness:

Detective Benedict evaluated the test charts and concluded that Officer McMullin was not telling the truth when he answered—

MR. FRIEDMAN: I am going to enter an objection to anything that has to do with the polygraph examination and request that you not allow this evidence into the record at this time or at any other time during this hearing.

Thereafter, this witness and others were cautioned that, although they could refer to the tests, they could not suggest the results. In addition, the attorney for the Council opined that it would be error for the Council to base its findings on the results of the tests. In fact, the results were never admitted or even offered as evidence.

Secondly, the Council's adjudication does not demonstrate that Council considered the administration of the tests or their results in coming to a decision. The only reference to the tests is in finding number 12:

12. On or about March 31, 1977, Appellant stated to Detective Jan Walters that he had

submission to a polygraph test as a condition of continued employment, then it surely can dismiss an employee on the basis of test results. Otherwise, the anomalous result would be that, while the agency could require that the employee take the test or resign, it could not use the results of the test in making a decision as to the employment status of the employee. It seems, therefore, that an adjudicative body could consider the properly admitted results of a polygraph test when the issue before it relates only to the suitability for continued employment in the field of public law enforcement. *But see DeVito v. Civil Service Commission*, 404 Pa. 354, 172 A.2d 161 (1961) (decided before the enactment of 18 Pa.C.S. §7321).

lied because he thought he could 'beat the polygraph.'

This is not a finding, however, as to the results of the polygraph test; it is directed to the issue of whether or not the appellant lied to his superior officers. The results of the test are not expressed therein and are not used, even implicitly, as the basis for the finding.

As to the question of substantial evidence, we note that even though the court of common pleas conducts a de novo hearing in an appeal of this kind under Section 4408 of The Third Class City Code,[2] it may not substitute its discretion for that of the city council and must affirm if the council's action is based on substantial evidence. *City of Bethlehem v. Gawlick*, 30 Pa. Commonwealth Ct. 390, 374 A.2d 540 (1977). The evidence here that the appellant lied to his superiors consists, among other things, of his own admission that he replied negatively when asked if he had seen anyone use drugs in his presence since becoming a police officer, when in fact he had observed his roommate using drugs. This and other testimony supports the conclusion that the appellant lied to his superiors. Similarly, the testimony of the appellant and others supports the conclusion that he failed to report illegal drug activity which he observed in his apartment. We find his argument unpersuasive that, because he had not completed his police training at the time of the offenses, he cannot be held to have been aware of his duty to report the illegal conduct.[3] We likewise reject his assertion that there was no "hard and fast rule"

---

[2] Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §39408.

[3] As the court below noted:

The record shows that Appellant had served as a Community Service Aid with the Lancaster Bureau of Police for two years prior to the time he was sworn in as a police officer. His father has been with the Lancaster Bureau of Police for many years. In light of his background, Appellant's

respecting proper police action where a small amount of marijuana is concerned and that he should not, therefore, be disciplined for failing to make a report. Although there was conflicting evidence as to the practice of the Lancaster Police, it was clearly within the discretion of the Council to resolve the issue here against the appellant.

We conclude therefore that there was substantial evidence to support the findings that the appellant lied to his superiors and failed to report unlawful activity, and we believe that these offenses consituted just cause for his dismissal.

ORDER

AND Now, this 2nd day of April, 1979, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.

___

assertion that he cannot be held to be familiar with the regulation requiring him to report violations of law to his superiors is unconvincing.