Terrance Miller, Appellant *v.* City of York, Appellee.

484

Argued June 6, 1980, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Morrison B. Williams,* of counsel *Daniel M. Pell,* for appellant.

*Donald B. Hoyt,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, July 2, 1980:

Terrance Miller has appealed from an order of the Court of Common Pleas of York County affirming the decision of the York City Council dismissing him as a city police officer. We affirm.

In November 1976, a complaint was lodged against Miller in which it was alleged that Miller had physically and verbally abused the complainant in the course of arresting him. An investigation was con-

ducted by the police department with the result that Miller was charged with violations of department regulations for the alleged physical and verbal abuse as well as for refusing an order of his superior to submit to a lie detector test and for filing a false arrest report. A hearing was held before city council, at which Miller and others testified. Miller admitted uttering racial epithets concerning, and directing profanity to, the complainant. Testimony concerning the other charges was conflicting and testimony to the effect that the complainant had agreed to take a lie detector test and a stress evaluation test but that Miller refused to do so was received.

City council found that Miller had verbally abused the complainant, a violation of department regulations relating to the subjects of conduct unbecoming an officer and of courtesy, that the evidence concerning physical abuse was inconclusive, that Miller violated department regulations by filing a false arrest report and by disobeying a written order of a superior. City council thereupon ordered Miller dismissed. In so doing it said that it had not considered the charge of disobedience in determining the penalty.

Miller appealed city council's decision to the court below which conducted a de novo hearing pursuant to Section 4408 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §39408. The court upheld city council's conclusion that Miller verbally abused the complainant; however, it remanded the case to city council for a redetermination of the charge of falsifying an arrest report and for fixing punishment dependent upon the outcome of this redetermination. City council then found Miller not guilty of falsifying an arrest report but reaffirmed Miller's dismissal on the charge of verbal abuse. Miller again appealed to the lower court which, without hearing additional evidence, affirmed city coun-

cil's action. The court thereafter refused the prayer of Miller's petition for reconsideration.

Miller contends that three errors have been committed. First, Miller claims that city council abused its discretion by dismissing him for verbal abuse only. We have read the language that Miller admitted having spoken and we are unable to say that city council abused its discretion in dismissing him.

York is a City of the Third Class. We held in *City of Bethlehem v. Gawlik,* 30 Pa. Commonwealth Ct. 390, 374 A.2d 540 (1977), that if the record contains substantial evidence supporting city council's findings of a violation of police regulations, the extent of punishment is, under the Third Class City Code, for council to decide and may not be interfered with unless council has committed a flagrant abuse of discretion.

Miller's second argument—that this dismissal must be reversed because council over objection heard testimony to the effect that Miller had refused to take polygraph and psychological stress evaluation tests, whereas his accuser had submitted to such—is ineffective because, as we have pointed out, his dismissal was based solely on verbal abuse and Miller admitted the facts upon which this offense was based. The charge of disobedience based on his refusal to submit to the tests was not considered in the penalty precisely because council was uncertain whether the request was lawful. We do not have to decide this question but we note that Section 7321(b) of the Crimes Code, 18 Pa. C.S. §7321(b), excepts from the crime of ordering an employee to take a polygraph test as a condition to continuing employment, employees or other individuals in the field of public law enforcement. Compare *DeVito v. Civil Service Commission,* 404 Pa. 354, 172 A.2d 161 (1961), with *McMullin Appeal,* 41 Pa. Commonwealth Ct. 474, 476 n. 1, 401 A.2d 572, 574 n. 1 (1979).

Finally, Miller complains that the court's refusal to grant the prayer of his petition that it reconsider its final order was error. The difficulty with this argument is that the only reasons asserted in the petition for granting reconsideration, in addition to the fact that Miller had new lawyers—that the city council action dismissing him was a mere pretext and that other unnamed grounds never properly proved were the real basis for council's action, that no other York police officer had been discharged for verbal abuse and that the city's ordinance had since been modified so that the penalty here imposed is no longer in effect—were clearly not compelling reasons for ordering what would have been a fourth hearing of this matter.

Order affirmed.

### ORDER

AND NOW, this 2nd day of July, 1980, the order of the Court of Common Pleas of York County, No. 77-S-1346, affirming the York City Council's dismissal of Terrance Miller as a city police officer is affirmed.