## Schweizer v. City of Philadelphia

*John Wendell Beavers*, for plaintiff.
*Ralph J. Teti*, for defendants.

PRATTIS, *J.*, June 8, 1981—Plaintiff Paul Edward Schweizer applied for the position of police officer with the Police Department of the City of Philadelphia. To be eligible for hire, applicants must sucessfully complete: (1) a written examination, (2) a medical examination, (3) a psychiatric examination, (4) and a background investigation. Plaintiff sucessfully completed the written and medical examinations.

As part of the background investigation, applicants are required to fill out a personal questionnaire. The question "Have you ever bought, sold or used any form of narcotic drugs (excluding drugs taken on medical prescriptions)" appeared on the form. Plaintiff answered "No" to the question. Subsequently plaintiff agreed to take polygraph examination to verify his answer to the question. The examination was administered twice to plaintiff. On both occasions, the operators opined that

plaintiff practiced deception in his answers to questions regarding his use of narcotic drugs. However, at the conclusion of each examination, plaintiff was asked had he told the truth to all other questions, and he answered yes. There was no indication that he practiced deception in his answer to that particular question. Plaintiff was rejected for having practiced deception in his application. Both parties filed cross motions for summary judgment.

## OPINION

It is fundamental that summary judgment may be entered only in cases where it is determined that there are no issues of material fact: Granthum v. Textile Machine Works, 230 Pa. Super. 199, 326 A. 2d 449 (1974). In making such a determination, all doubt as to the existence of a genuine issue of material fact must be resolved against the moving party: Schacter v. Albert, 212 Pa. Super. 58, 239 A. 2d 841 (1968).

Initially we note that;

Anyone who has practiced or who has attempted to practice any deception or fraud in his application, in his declarations or in securing his eligibility or appointment . . . may be disqualified at any time prior to appointment. Civil Service Regulation 8.0236.

Further, the Crimes Code, 18 Pa.C.S.A. §7321(b), provides that "employees or other individuals in the field of public law enforcement" are excepted from the general proscription that a polygraph test may not be required as a condition of employment or continued employment.

It has been held that the City of Philadelphia cannot use a person's past drug history exclusively

as grounds for rejecting him for employment: Davis v. Bucher, 451 F.Supp. 791 (1978). Consideration should be given to such factors as recent employment history, successful completion of a drug treatment program, and any other evidence that tends to demonstrate a freedom of drug use.

In the case at bar, the issue is whether plaintiff lied on his background questionnaire. To establish their position, the city uses the results of plaintiff's polygraph examination exclusively. There is no other evidence that suggests that plaintiff is currently using or has ever used drugs other than the results of his lie detector test.

Both parties cite Appeal of Officer James Patrick McMullin, 41 Pa. Commw. 474, 401 A. 2d 572 (1979). There the court upheld the decision of City Council to dismiss Officer McMullen for lying to his superiors. Officer McMullen was given a polygraph examination but the results were never given at trial. Also the findings of the council to dismiss the officer had to be based upon substantial evidence. Here, the test results themselves are the very foundation of the city's decision to reject plaintiff.

There is no dispute as to whether or not the city can use the polygraph test as a condition of employment or continued employment. However, such a test should not be used to summarily reject an applicant for practicing deception when the city has no other corroborating evidence. Where the validity of the test itself is highly questionable, to reject an applicant on the basis of the polygraph examination alone, without more, offends the sense of fairness. Plaintiff answered questions about his prior drug involvement and the machine indicated deception. When asked at the end of the examination did he tell the truth in responding to

all other questions, plaintiff answered yes and the machine indicated that he was being truthful. This irreconcilable contradiction reflects directly upon the reliability and validity of such tests.

Therefore, upon reviewing the file in the instant case, plaintiff's motion for summary judgment is granted.