Granthum, Appellant, *v.* Textile Machine Works, et al.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Harold Rosenthal,* and *Rosenthal & Gale,* for appellant.

*Barton L. Post* and *Robert Britton,* for appellee.

OPINION BY JACOBS, J., September 23, 1974:

This is an appeal from an Order granting a Motion for Summary Judgment in favor of appellee North American Rockwell.

In 1971 the appellant, Helen Granthum, was seriously injured while operating a "packer-gluer" machine during the course of her employment with Kraft Foods. She brought a strict liability and breach of warranty action against Textile Machine Works [hereinafter Textile] which manufactured and sold the machine to Kraft; Micro Switch, which manufactured a switch used in the machine; and North American Rockwell [hereinafter Rockwell] which she seeks to hold responsible for her injuries under the theory that Rockwell became the "successor corporation" of Textile.

Rockwell admits that subsequent to the manufacture and sale of the machine, but some three years prior to the date of the accident, it purchased the assets of

Textile and continued a manufacturing operation under the name "Textile Machinery Divisions—North American Rockwell." It states that under an "Instrument of Assumption" it assumed only "the debts, liabilities, obligations and contracts of [Textile] existing on the date hereof . . . ," and that it specifically excluded "liabilities against which [Textile] is insured or otherwise indemnified . . . ." Rockwell asserts that this is the extent of its connection with Textile, and that subsequent to the sale, Textile remained in existence for several months under the name "TM Company" and then dissolved.

Rockwell filed a Motion for Summary Judgment[1] alleging that no issue of material fact existed as to its liability because under the applicable rule of law the purchaser of the assets of a corporation may not be held liable for the debts and liabilities of the seller unless (1) the purchaser expressly or impliedly agrees to assume such obligation; (2) the transaction amounts to a consolidation or merger; (3) the purchasing corporation is merely a continuation of the selling corporation, or (4) the transaction is fraudulently entered into to escape liability. *See Shane v. Hobam, Inc.*, 332 F. Supp. 526 (E.D. Pa. 1971).[2] Rockwell asserts that none of these exceptions is applicable to it; the court below agreed and granted Rockwell's Motion for Summary Judgment.

We find that the court acted prematurely in making its determination that no issue of fact existed as to Rockwell's role in the transaction. A summary judgment is to be entered only in the clearest of cases where there is not the slightest doubt as to the absence of

---

[1] Pa. R.C.P. 1035.

[2] This rule was recently reaffirmed in *Golden State Bottling Co. v. N.L.R.B.*, 414 U.S. 168, 182-183 n.5, 94 S. Ct. 414, 424 n.5, 38 L.Ed. 2d 388, 402 n.5 (1973).

a triable issue of material fact. *Prince v. Pavoni*, 225 Pa. Superior Ct. 286, 302 A.2d 452 (1973). The appellant asserts in her answer to the Motion for Summary Judgment that information needed to defeat the motion is exclusively in the possession of Rockwell and can be obtained only if an opportunity is given for its discovery. Subsection (e) of Rule 1035 provides a discretionary remedy for this situation. It states: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The court chose not to employ Subsection (e) and instead accepted Rockwell's assertions that (1) it purchased only the assets of Textile, and (2) it did not assume responsibility for liabilities arising after the date of sale, and (3) that Textile was insured against liabilities such as Mrs. Granthum's claim. It is clear, however, that in a motion for summary judgment the moving party bears the burden of proving the absence of any genuine issue of material fact and all doubt must be resolved against him. *Schacter v. Albert*, 212 Pa. Superior Ct. 58, 239 A.2d 841 (1968). In this case Rockwell has not satisfactorily met that burden. It asserts that it purchased only the assets of Textile, but this is simply an assertion not a proven fact. The sales and/or acquisition agreement under which Rockwell acquired Textile or its assets has not been produced; and, therefore, the extent of the acquisition remains an unresolved question of fact. Additionally, Rockwell has not produced any insurance contracts to prove its assertion that Textile was insured against tort liability (which would be relevant to Rockwell's

claim that it specifically excluded "liabilities against which [Textile] is insured or otherwise indemnified to the extent of such insurance or indemnification"). Lastly, we note that a question of fact may exist as to the meaning of the term "obligations" which Rockwell expressly assumed in the "Instrument of Assumption." Whether on the date of the agreement Textile had an "obligation" with regard to future tort claims, which "obligation" Rockwell assumed, remains unclear.

It may be that the appellant will not be able to demonstrate any facts which will remove Rockwell from the general rule of nonliability. However, she should be given the opportunity to ascertain whether such facts exist. *See Linwood Harvestore, Inc. v. Cannon,* 427 Pa. 434, 235 A.2d 377 (1967); *compare Shane v. Hobam, Inc.,* 332 F. Supp. 526 (E.D. Pa. 1971), *with Chadwick v. Air Reduction Co.,* 239 F. Supp. 247 (N.D. Ohio, 1965).

The essential character of a summary judgment proceeding contemplates that parties will be able to bring forth evidence upon which the judge can make a determination of whether an issue of material fact exists. The appellant should be permitted to examine the complete sales and/or acquisition agreement under which Rockwell acquired Textile and/or its assets, the pertinent insurance contracts of Textile, and such other material as is relevant to appellant's claim.

The order of the court below is reversed without prejudice to the right of appellee Rockwell to file a subsequent Motion for Summary Judgment after the appellant is given opportunity for discovery.