**Sheila E. DICK**

**v.**

**Paul F. LAMBERT, t/a Maryland Line Inn.**

**Civ. No. 78–1039.**

United States District Court,
M. D. Pennsylvania.

March 30, 1979.

MEMORANDUM AND ORDER

NEALON, Chief Judge.

In this diversity action, plaintiff, a Pennsylvania minor, seeks contribution from defendant, the owner of a Maryland tavern where plaintiff was served intoxicating beverages, for damages paid to a third party injured when struck by plaintiff's automobile. Presently before the court is a motion by defendant to dismiss or for summary judgment on the grounds that the law of Maryland applies and under that law no claim lies against the defendant. The motion is construed as brought pursuant to Fed.R.Civ.P. 12(b)(6). It will be granted.[1]

## FACTS [2]

Defendant, a Maryland resident, owns and operates a restaurant and tavern, known as the Maryland Line Inn, in Baltimore County, Maryland. This tavern is close to the Pennsylvania border. On December 17, 1976, plaintiff, a resident of Pennsylvania and a minor under both Maryland and Pennsylvania law, drove from Pennsylvania into Maryland and visited the Inn. There she was served liquor. After she became intoxicated the employees at the Inn continued to serve her intoxicating beverages. Upon leaving the Inn, she returned to Pennsylvania where she negligently operated her automobile causing a collision with an automobile operated by David Hanle, a Pennsylvania resident. As a result of this accident, plaintiff (or her liability insurance carrier) paid Mr. Hanle $25,000 for the personal injuries and property damage he sustained. A full and complete release was obtained from him for all claims he might have against plaintiff or the Maryland Line Inn.

Plaintiff does not controvert defendant's representation that under Maryland law an Inn keeper cannot be held liable in a civil

Donald B. Hoyt, York, Pa., for plaintiff.

Gebhardt & Smith, Baltimore, Md., Goldberg, Evans & Katzman, Harrisburg, Pa., for defendant.

1. Also before the court is a motion by defendant to strike Ms. Dick as plaintiff and substitute the insurance company which paid the settlement for which contribution is sought. Given my decision on the motion to dismiss, it is not necessary to reach this motion.

2. Consistent with the proper procedure for ruling on this motion, I accept as true all the facts alleged in the complaint. Defendant denies the allegations of the complaint regarding the incident at the Maryland tavern. Those allegations are assumed to be true only for the purpose of ruling on this motion.

action for injuries which result from serving liquor to a minor or to one already intoxicated. Hence, plaintiff concedes that if Maryland law is applicable, no claim can lie against defendant, he is not a joint tortfeasor, contribution is not appropriate, and this action must be dismissed. Plaintiff's sole argument is that Pennsylvania law applies here. The parties agree that if Pennsylvania law does apply, contribution may be appropriate. *See* 23 P.L.E., Liquor § 11 (1959); also *see* Pa.Stat.Ann. tit. 47, § 4–497 (Purdon).

## DISCUSSION

In this diversity action the court looks to Pennsylvania's conflict-of-law rules to determine which state's law applies. *See Klaxon Co. v. Stentor Elec. Mfg.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). . . . Pennsylvania has, generally speaking, adopted the 'interest analysis' approach to conflict-of-law questions. *Griffith v. United Air Lines,* 416 Pa. 1, 203 A.2d 796 (1964); *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970). Under that approach, we should apply the law of the predominantly concerned jurisdiction, measuring the depth and breadth of that concern by the relevant contacts each affected jurisdiction had with . . . "the policies and interests underlying the particular issue before the court"'. *Suchomajcz v. Hummel Chemical Company,* 524 F.2d 19, 23 (3rd Cir. 1975). *Samuelson v. Susen,* 576 F.2d 546, 551 (3rd Cir. 1978).

Initially, I think this case represents a false conflict[3] because Pennsylvania has no interest in having one of its residents receive contribution from an out of state Inn keeper when the Pennsylvania resident went to the other state, was served intoxicating beverages there, returned to Pennsylvania intoxicated, negligently injured another Pennsylvania resident and settled that other Pennsylvania resident's claim. Pennsylvania has no interest in having defendant be a joint tortfeasor here.[4] The point of permitting a civil recovery against a business person who serves a minor or one already intoxicated is to deter the appropriate Pennsylvania residents and/or licensees from violating the liquor code and to compensate those Pennsylvania residents who are injured as a result of the violation. Here the injured person is not suing and has already been compensated. And the defendant is not a Pennsylvania resident. Hence, Pennsylvania, in the conflicts-of-law sense, has no concern in regulating his behavior. There are no allegations that defendant purposefully attempts to attract Pennsylvania residents or that defendant knew or should have known that plaintiff was from Pennsylvania and would be returning there. To reiterate, I do not believe that by providing for a civil recovery against one who serves liquor to a minor or one already intoxicated Pennsylvania has evidenced any concern that the person served receive contribution when she settles a claim with one who was injured as a result of the service of the liquor.

Maryland, on the other hand, does have an interest which is involved here. It has decided that its residents who are owners of taverns and who unlawfully serve liquor in Maryland shall not be held civilly liable for injuries resulting from that unlawful act. Apparently Maryland has elected to promote its liquor industry and to financially protect its residents who are tavern owners from civil liability. Defendant is a Maryland resident and tavern owner and, therefore, Maryland's interest is implicated here. Since Pennsylvania has no interest in its laws being applied, see supra, Maryland law must control.

---

3. This means that an analysis of the underlying policies of the laws of both Pennsylvania and Maryland indicates that only one of the states has an interest in having its law being applied.

4. Plaintiff argues that Pennsylvania, through its Uniform Contribution Among Tortfeasors Act, Pa.Stat.Ann. tit. 12, § 2082 et seq., has indicated an interest that Pennsylvania residents who settle claims receive contribution. But to phrase the issue in that manner begs the question. Before Pennsylvania can have an interest in providing contribution it must have an interest in having the person from whom contribution is sought be a joint tortfeasor.

Furthermore, assuming arguendo that this case does in fact represent a true conflict, I believe that Maryland is the predominantly concerned jurisdiction. Pennsylvania's contacts with this action would be that the accident causing Mr. Hanle's injury occurred there, both plaintiff and Mr. Hanle were residents of Pennsylvania at the time of the accident, the injuries were treated in Pennsylvania and any other aid was rendered in Pennsylvania. These contacts would relate to Pennsylvania's interest in not having its underaged citizens going to another state, becoming intoxicated, returning to Pennsylvania and causing an accident on its highways. Pennsylvania would also arguably have an interest in not having its resources taxed by dealing with the accident.[5]

As stated supra, Maryland's interest here is in not having its tavern owners suffer economic losses in a civil action for serving minors or intoxicated persons. Its primary contact with this action is that the alleged tort or unlawful act, the serving of liquor to plaintiff, occurred there. The relationship between plaintiff and defendant existed only in Maryland. I believe this case comes within the reasoning applied by the Pennsylvania Supreme Court in *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970). There a resident of Pennsylvania was injured in Delaware while riding as a guest in a car registered in Delaware and owned and operated by Delaware residents. Delaware had a guest statute and Pennsylvania did not. The court decided that Delaware law was to be applied and stated:

. . . it seems only fair to permit a defendant to rely on his home state law when he is acting within that state. [footnote omitted]

"Consider the response that would be accorded a proposal that was the opposite of this principle if it were advanced against a person living in the state of injury on behalf of a person coming there from a state having a higher standard of care or of financial protection. The proposal thus advanced would require the community the visitor entered to step up its standard of behavior for his greater safety or lift its financial protection to the level to which he was accustomed. Such a proposal would be rejected as unfair. By entering the state or nation, the visitor has exposed himself to the risk of the territory and should not subject persons living there to a financial hazard that their law had not created." [citation omitted]

Inhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's laws just because a visitor from a state offering higher protection decides to visit there.

The accident in *Cipolla* did occur in Delaware. Nevertheless, based on the above reasoning I believe that the Pennsylvania courts, even if they considered this case to represent a true conflict, would hold that Maryland law is applicable. Therefore, so must I.

Plaintiff relies on *Suchomajcz v. Hummel Chemical Company,* 524 F.2d 19 (3rd Cir. 1975). There a New Jersey manufacturer sold a product (a fireworks component) to a New Jersey fabricator of firecracker assembly kits knowing that the fabricator would, contrary to law and in violation of a court injunction, use the component in the kits and ship those kits in interstate commerce. Two kits were purchased by a non party through the mail. Parts of the kits were abandoned in a bottle in a park in Pennsylvania. Plaintiffs were Pennsylvania residents who were killed or injured in that park when someone threw a match into the bottle. Although the parties had assumed that Pennsylvania law applied, the court made its own determination and agreed. It based its conclusion on *Cipolla,* supra, which it felt to be consistent with the view of the Restatement (Second) of Conflict of Laws §§ 145, 146, 156–157 (1971) which provides that the law determining whether a per-

**5.** To reiterate, I am merely assuming arguendo that these interests exist here and are implicated.

son's behavior is tortious will usually be the law of the state where the injury occurred. The court believed that a true conflict existed,[6] and held that Pennsylvania would apply its own tort law since it was the place of injury.

Although the *Suchomajcz* case is somewhat analogous, I believe it is distinguishable in four important respects. First, here the injured party is not the plaintiff and as stated supra, I do not believe a true conflict exists. Secondly, there the defendant knew that his component part was going to be used in the assembly kit and that those kits would be illegally placed in interstate commerce. Here there are no allegations that defendant was or should have been aware of the residency of plaintiff or that plaintiff intended to return to Pennsylvania. *See* supra. Thirdly, here plaintiff entered Maryland herself in order to purchase the liquor. Although it is not clear in *Suchomajcz* exactly where the kits were ordered from, (it was probably Pennsylvania), the decision might well have been different if the fabricator did not place the kits in interstate commerce and the purchaser had traveled to New Jersey in order to buy the kits. Lastly, the relationship between defendant and plaintiff in *Suchomajcz* (one between a supplier and a "consumer"), to the extent one existed, was located in Pennsylvania. Hence, I do not believe that *Suchomajcz* requires that Pennsylvania law be applied here.[7]

---

**6.** Pennsylvania would impose liability and New Jersey would not. Pennsylvania had an interest in protecting its citizens against harm and New Jersey had an interest in promoting its industry by not imposing liability.

**7.** Plaintiff also argues that under the reasoning of *Cipolla*, supra, she was entitled to rely on the law of Pennsylvania when she settled her claim and that this law would require contribution. I find this argument unpersuasive.