## Gerhart v. Hummel

*Barley, Snyder, Cooper & Barber,* for defendants.
*Allison & Pyfer,* for additional defendants.

ECKMAN, *J.,* January 22, 1981—Presently before the court is the motion for summary judgment pursuant to Pa.R.C.P. 1035 filed by the additional defendants, Lola M. Kilby, Frederick W. Kilby and John R. Kilby, t/d/b/a Susquehanna Inn, to the complaint of defendants, Julie Hummel, Paul Beam and Jenny M. Beam (defendants).

This trespass action was initiated on October 29, 1979[1] by plaintiffs, William and Laura Gerhart, in their own right and on behalf of their minor daughter, Grace Gerhart, against defendants. Plaintiffs seek to recover damages for personal injuries suffered by their daughter as a result of an automobile accident. On February 20, 1980 defendants filed a complaint joining the additional defendants on the basis that they are liable to plaintiffs for the injuries incurred, or jointly liable or liable over to defendants on those claims. By stipulation of counsel, Jenny Beam was dismissed as a defendant from this case. After discovery was completed, additional defendants filed a motion for summary judgment maintaining that the law of Maryland applies to the disposition of this controversy and under that law no claim lies against them.

Summary judgment should be rendered only ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." Pa.R.C.P. 1035(b). Summary judgment should

1. An amended complaint was subsequently filed on December 5, 1979.

be granted only in the clearest of cases: Granthum v. Textile Machine Works, 230 Pa. Superior Ct. 199, 326 A. 2d 449 (1974).

The following facts have been gleaned from the pleadings, depositions, interrogatories and affidavits on file. On April 13, 1979 minor plaintiff, Grace Gerhart, along with defendants, Julie Hummel and Paul Beam and another individual drove from Lancaster, Pa. to Maryland for the purpose of consuming alcoholic beverages.[2] The group proceeded to the Susquehanna Inn in Maryland which is owned and operated by additional defendants,[3] where they were served varying amounts of beer. Defendants claim they were served beer at the tavern even though they were obviously underage and/or visibly intoxicated. The parties left the Susquehanna Inn at approximately 10:30 p.m. and Julie Hummel drove back to Pennsylvania. At approximately 11:00 p.m., while traveling north on Route 272 about one mile north of Truce, Pa., defendant Julie Hummel lost control of the automobile causing it to overturn and injure plaintiff, Grace Gerhart. Grace Gerhart knew that Julie Hummel was not licensed to operate a motor vehicle but chose to return in the automobile nevertheless. No other vehicles were involved in the mishap.

There are no averments in the complaint joining additional defendants that the tavern solicits or advertises for business in Pennsylvania. There are also no allegations that additional defendants knew or should have known that plaintiff, Grace Gerhart,

---

2. All of these individuals are Pennsylvania residents.

3. Additional defendants are Maryland residents. Frederick W. Kilby and John R. Kilby deny any ownership interest in the tavern.

and defendants were from Pennsylvania and would be returning there after leaving the tavern.

Additional defendants' liability is predicated upon a claim that they were under a common law and statutory duty to refrain from selling alcoholic beverages to minors or persons visibly intoxicated. Defendants maintain that this duty was breached by serving alcoholic beverages to minor plaintiff and minor defendants and that the breach was either the sole cause or a substantial factor in causing the vehicular mishap in Pennsylvania.

It is undisputed that the case law of Maryland shields tavern owners from civil liability for injuries which result from serving liquor to either minors or visibly intoxicated persons: State v. Hatfield, 197 Md. 249, 78 A. 2d 754 (1951). Pennsylvania courts, however, have construed provisions of the Pennsylvania Liquor Code[4] and common law negligence principles as imposing civil liability on those who serve minors and visibly intoxicated patrons if the unlawful action results in injury to another: Jardine v. Upper Darby Lodge No. 1973, 413 Pa. 626, 198 A. 2d 550 (1964); Smith v. Clark, 411 Pa. 142, 190 A. 2d 441 (1963).

Thus, the sole issue before us is one of the proper choice of law in light of the conflicting rules of this state and Maryland. If Maryland law is applicable, then clearly defendants cannot maintain the present cause of action against additional defendants. Conversely, if Pennsylvania law is controlling, additional defendants may be liable for all or a fraction of a damage award to plaintiff.

We must now determine whether Maryland or Pennsylvania has the greater interest in the appli-

---

4. Act of April 12, 1951, P.L. 90, art. I, sec. 101, 47 P.S. § 1-101 et seq.

cation of its law to the controversy now before us. In making this determination we must scrutinize the contacts each state has with the accident, the contacts being germane only if they relate to the "policies and interests underlying the particular issue before the court." Griffith v. United Air Lines, Inc., 416 Pa. 1, 21, 203 A. 2d 796, 805 (1964). The weight to be accorded to the state's contacts with the occurrence must be gauged on a qualitative rather than a quantitative basis: Cipolla v. Shaposka, 439 Pa. 563, 267 A. 2d 854 (1970). An examination of the policies and interests underlying the particular issue before the court leads us to conclude that Maryland is the predominantly concerned jurisdiction and that Maryland law should be applied.

In this instance, four Pennsylvania residents were injured in an automobile accident which occurred in Pennsylvania. Defendants maintain that the actions of additional defendants in serving alcohol to the minors in Maryland was the cause of the mishap. Pennsylvania has an interest in providing compensation to accident victims. This interest will not be frustrated by the application of Maryland law since plaintiff's right to recover against the allegedly negligent driver is in no way impaired by our decision. In addition, the Pennsylvania Supreme Court in Griffith v. United Air Lines, Inc., supra, downplayed the importance of the situs of the injury and emphasized the state where the relationship between the parties centered and the law which defendant might reasonably have expected to govern his conduct, 416 Pa. at 23-24, 203 A. 2d at 806:

"The state in which injury occurred, as such, has relatively little interest in the measure of damages

to be recovered unless it can be said with reasonable certainty that defendant acted in reliance on that state's rule. Moreover, where the tort is unintentional, the reliance argument is almost totally untenable. [Citation omitted]. This is abundantly clear in the present case; the site of the accident was purely fortuitous."

It is also Pennsylvania's policy to permit a civil recovery against a purveyor of liquor who serves a minor or one visibly intoxicated if such unlawful action results in injury. The imposition of liability under those circumstances theoretically deters Pennsylvania tavern owners from violating the provisions of the Pennsylvania Liquor Code, supra. Since additional defendants are not Pennsylvania residents and therefore not governed by the provisions of this state's liquor laws, Pennsylvania's policy would not be furthered by the application of its law to a Maryland tavern owner.

Maryland, on the other hand, is the state where the relationship of the parties was centered. The alleged tortious act of additional defendants, i.e., the serving of liquor to minors, was performed in Maryland by Maryland residents with the reasonable belief that Maryland law governed the consequences of their conduct, both criminal and civil. The courts of Maryland have decided that tavern owners who unlawfully serve liquor there are immunized from the imposition of civil liability for injuries resulting from that unlawful act.[5] Additional defendants apparently govern their business

5. Criminal sanctions, however, are provided against Maryland licensees who serve minors. See Md. Alcoholic Beverages Code Ann., Art. 2B §118.

dealings in reliance on this legal proposition inasmuch as their liability insurance policy does not cover the contingency extant here (plaintiffs' interrogatories to additional defendants, #3).

In Cipolla v. Shaposka, supra, the court stated at p. 567: "[I]t seems only fair to permit a defendant to rely on his home state's law when he is acting within that state. . . . Inhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's laws just because a visitor from a state offering higher protection decides to visit there." We believe this reasoning mandates that the law of Maryland be applied in the factual scenario presented here.

Although no Pennsylvania court has addressed the precise issue presented here, one Federal court when confronted with the same question in a slightly different context also concluded that Maryland law should be applied. See Dick v. Lambert, 472 F. Supp. 560 (M.D. Pa. 1979).

Accordingly, we enter the following

## ORDER

And now, January 22, 1981, upon consideration of the motion for summary judgment filed by additional defendants, the court hereby grants summary judgment in favor of additional defendants and against defendants, and dismisses defendant's complaint joining additional defendants with prejudice.