## Alvarez v. Shaffer

44

*Henry Haefner*, for plaintiff.
*Joel D. Smith*, for defendants.

ECKMAN, *J.,* October 12, 1982—Presently before the court are the cross motions for summary judgment filed by plaintiff, Pablo Alvarez, and defendants, Officer Donald Shaffer, Lancaster City Police Department and the City of Lancaster.

Plaintiff filed a two-count complaint against defendants on November 20, 1980. Count I contains a claim for false imprisonment and Count II alleges malicious prosecution. Defendants filed an answer and amended new matter on September 10, 1981 raising the defense of governmental and official immunity under 42 Pa.C.S.A. §8541 et seq.,[1] dealing with actions against local agencies. Defendants filed the instant motion for summary judgment on December 30, 1981. Plaintiff subsequently filed a motion for summary judgment to be granted on Count I of plaintiffs complaint. Briefs having been submitted, these motions are now ready for disposition.

The principles to be applied in ruling upon a motion for summary judgment are well settled. Summary judgment should be rendered only " . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment should be granted only in the clearest of cases. Granthum v. Textile Machine Works, 230 Pa. Super. 199, 326 A. 2d 449 (1974). The court must view the evidence in the light most

---

1. Act of October 5, 1980, P.L. 693, 42 Pa.C.S.A. §8541, et seq.

favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment. Yaindl v. Ingersoll-Rand Co., 281 Pa. Super. 560, 422 A. 2d 611 (1980).

The basic facts are as follows: defendant is a 61-year-old Hispanic male (plaintiff's depositions, pp. 1-2). On Saturday morning, September 20, 1980, plaintiff was shopping at the Southern Market in the City of Lancaster (plaintiff's deposition, p. 5). Officer Donald Shaffer was patroling the Southern Market on foot at that time. At approximately 11:00 am, Robert Sherts, the Market Master, approached Officer Shaffer and informed him that there was a Puerto Rican male in his sixties walking behind women shoppers at various stands and rubbing against them (defendant's answers to interrogatories, exhibit no. 1). Officer Shaffer and Mr. Sherts then observed plaintiff walk behind an elderly woman at Widder's Produce Stand and stand behind her with his body against her looking over her shoulder at the produce. Officer Shaffer approached plaintiff and motioned him outside (plaintiff's depositions, pp. 7-8). After conferring with plaintiff and two clerks from Widder's Produce Stand, Officer Shaffer arrested plaintiff without a warrant on the charge of disorderly conduct.[2] Plaintiff was transported to the Lancaster Police Station where he was detained from approximately 11:20 am to 6:55 pm. A citation was issued to plaintiff indicating that plaintiff had been in the Southern Market harassing women shoppers by standing behind them and against them as they were shopping and that the women were unaware as to what was happening. While he was detained,

---

2. The Crimes Code, Act of December 6, 1972, P.L. 1482, 18 Pa.C.S.A. §5503(4).

defendant was not taken before a district magistrate and never informed of his right to post bail. Plaintiff was later tried before a district magistrate on the charge of disorderly conduct and found not guilty.

In Count I, plaintiff contends that defendants were negligent in making an illegal warrantless arrest and wrongfully detained plaintiff without taking him before a district magistrate where plaintiff would have the opportunity to post bail. In Count II, plaintiff alleges that Officer Shaffer maliciously and/or with reckless disregard of plaintiff's rights and/or intentionally and without just cause issued the citation to plaintiff and prosecuted the charge of disorderly conduct to its conclusion.

Defendants initially contend that the city and its police department are immune from suit by virtue of the provisions of the Political Subdivision Tort Claims Act[3] (Tort Claims Act) which was in effect at the time of this incident. Defendants also contend that Officer Shafer is immune from liability on all claims asserted by plaintiff which arise from his alleged negligence. We agree for the reasons set forth below.

### 1. Complaint Against City of Lancaster and Police Department of Lancaster

Under Section 102 of the Tort Claims Act[4] both the City of Lancaster and the Police Department of the City of Lancaster are treated as political subdivisions,. Thus, for purposes of the asserted im-

---

3. Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.101 et seq., repealed by Act of October 5, 1980, P.L.693, but substantially reenacted in 42 Pa.C.S.A. §8541, et seq. by Act of October 5, 1980, supra. §221(1).

4. Act of November 26, 1978, supra; 53 P.S. §5311.102.

munity under the Tort Claims Act they may be treated as one and the same.

Section 201[5] of the Tort Claims Act states:

Governmental Immunity Generally

Except as otherwise provided in this act, no political subdivision shall be liable for any damages on account of any injury to a person or property caused by any act or omission of the political subdivision or an employee thereof or any other person.

Section 202[6] specifically provides for eight exceptions to governmental immunity. However, even before any of these exceptions can be considered, the following certain conditions must be met:

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 201 (relating to governmental immunity generally) or section 302 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts or omissions of the political subdivison or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in this subsection. As used in this subsection, 'negligent acts or omissions' shall not include acts or omissions or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

53 P.S. §5311.202. The clear import of this section is that liability is limited to *negligent* acts or omissions within the scope of the employee's office or duties if the acts or omissions fall within one of the eight categories of exceptions. Thus, Section 202 specifically prohibits recovery against the city and

---

5. Act of November 26, 1978, supra; 53 P.S. §5311.201.
6. Act of November 26, 1978, supra; 53 P.S. §5311.202.

its police department for intentional torts such as that alleged in Count II of plaintiff's complaint. Furthermore, the acts complained of by plaintiff which allegedly constitute false imprisonment and malicious prosecution do not fall within any of the eight exceptions enumerated in the Act. Accordingly, we hold that the City of Lancaster and its police department are immune from liability under Counts I and II of the plaintiff's complaint.

### 2. Complaint Against Officer Donald Shaffer

Chapter 3 of the Tort Claims Act deals with official immunity as it pertains to Officer Shaffer. Section 301 of the Tort Claims Act[7] provides:

Official liability generally

An employee of a political subdivision is liable for civil damages on account of any injury to a person or property caused by his acts or omissions only to the same extent as his employing political subdivision *and* subject to the limitations imposed by this chapter. (Emphasis added.)

Proper statutory construction leads us to conclude that the legislature intended to make the individual's official immunity coextensive and even broader than that of his government employer. See, The Political Subdivision Tort Claims Act: Pennsylvania Response to the Problems of Municipal Tort Liability, 84 Dick. L.R. 717 (1980). Since we have held that the City of Lancaster and its police department are immune from suit on Count I of plaintiff's complaint, we must also hold, in recognition of Section 301's language, that Officer Shaffer is also immune from suit on Count I.

We cannot, however, use the same reasoning as

---

7. Act of November 26, 1978, supra; 53 P.S. §5311.301.

to the allegations against Officer Shaffer found in Count II of the complaint. Section 307[8] of the Tort Claims Act states:

Willful misconduct

In any action against a political subdivision or employee thereof for damages on account of an injury caused by the act or omission of the employee in which it is judicially determined that the act or omission of the employee caused the injury and that such act or omission constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of section 302 (relating to defense of official immunity), 304 (relating to indemnity) and 306 (relating to limitation on damages) shall not apply.

Since malicious prosecution necessarily involves the element of malice, official immunity under the act does not apply to Officer Shaffer since the presence of malice is a jury determination from the facts of the case.

Plaintiff contends that the Pennsylvania Supreme Court's decision in DuBree v. Commonwealth of Pennsylvania, 481 Pa. 540, 393 A. 2d 293 (1978), prevents this court from applying immunity to any of defendants in this case. In DuBree, supra, the Supreme Court refused to grant immunity to public officials based on their status alone. The court required that the extent of any immunity must be decided on a case by case basis by consideration of several factors including public policy, the existence of a measurable standard of care, plaintiff's right of action if no immunity were applied, and the exhaustion of possible remedies.

Plaintiff cites several cases in which the Commonwealth Court of Pennsylvania has interpreted

---

8. Act of November 26, 1978, supra; 53 P.S. §5311.307.

the DuBree decision in light of Act 152[9] which reinstated the doctrine of sovereign immunity that had been abrogated by the Supreme Court in Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978). In Armstrong v. Pennsylvania Board of Probation and Parole, 46 Pa. Commw. 33, 405 A. 2d 1099 (1979), the Commonwealth Court ruled that despite the reinstatement of sovereign immunity by Act 152, the act incorporated by implication any changing principles of the common law. Thus, the requirements of DuBree were judicially grafted into Act 152.

The same interpretation cannot be applied to the Tort Claims Act which clearly sets forth the legislative intent that political subdivisions and their employees be immune from liability except for certain enumerated situations. In addition, unlike Act 152, the Tort Claims Act was enacted after the Supreme Court's decision in DuBree. The effect of the Act was to legislatively restore the defense of governmental and offical immunity that had been judically abrogated by Supreme Court decisions in Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973), and DuBree, supra.

The authority of the legislature to enact legislation providing for immunity is now well settled. See Carroll v. County of York, 496 Pa. 363, 437 A. 2d 394 (1981), where the Supreme Court upheld the constitutionality of the Political Subdivision Tort Claims Act, supra. It is not a function of the judiciary to displace rationally based legislative judgments. Carroll, supra. We therefore, hold that the requirements for determining the extent of im-

---

9. Act of September 28, 1978, P.L. 788, 42 Pa. C.S.A. §5110 and 5111, repealed by Act of October 5, 1980, P.L. 693, §221(g).

munity to be afforded public officials as announced in DuBree, supra, need not be applied to reduce the immunity granted the instant defendants by the Tort Claims Act.

Plaintiff next contends that defendants may not avoid liability based on immunity where the cause of action comes under the protection of the Federal Civil Rights Statute.[10] The instant action is not brought under the Federal Civil Rights Statute and is not a civil rights suit. Plaintiff's cause of action is a common law action in trespass for false imprisonment and malicious prosecution. We therefore, find plaintiff's contention to be without merit.

The only remaining issue concerns plaintiff's cause of action against Officer Shaffer for malicious prosecution. As stated above, Officer Shaffer, in his capacity as an employee of the police department of the City of Lancaster, is not immune from liability where the facts indicate malice or willful misconduct.

In an action for malicious prosecution, it is plaintiff's burden to prove that defendant instituted the proceedings (1) without probable cause, (2) with malice, and (3) that the proceedings terminated in favor of plaintiff. DeSalle v. Penn Central Transportation Co., 263 Pa. Super. 485, 398 A. 2d 680 (1979). Defendant contends that the instant facts, when viewed in the light most favorable to plaintiff, show that probable cause existed for plaintiff's arrest and subsequent prosecution.

Absence of probable cause is an indispensible element in an action for malicious prosecution. Simpson v. Montgomery Ward & Co., 354 Pa. 87, 46 A. 2d 674 (1946). If probable cause does exist, the

---

10. Act of April 20, 1871, c. 22, §1, as amended, 42 U.S.C.A. 1983.

motive of the prosecution, whether malicious or not, is immaterial. Simpson, supra; DeSalle, supra.

Probable cause has been defined as " . . . a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." Miller v. Penna. Railroad Co., 371 Pa. 308, 314, 89 A. 2d 809 (1952). The test is not one of certainties, but rather of probabilities dealing with the consideration of everyday life and each case must be decided on its own unique facts and circumstances. DeSalle, supra.

It is well settled that the question of existence of probable cause where there is no conflict in the evidence is a question of law for the court. Hugee v. Penna. Railroad Co., 376 Pa. 286, 101 A. 2d 740 (1954); Simpson, supra. However, where there is a variance in the testimony which creates factual issues upon which the determination of probable cause must be made, the jury must be utilized to determine such facts. The court may require the jury to find a special verdict upon which the court would determine probable cause or the court may instruct the jury under what combination of circumstances defendant did or did not have probable cause for initiating the proceedings. Simpson, supra; DeSalle, supra.

We believe the evidence elicited from the pleadings, interrogatories, admissions and depositions in the instant case presents a factual conflict best suited for a determination by a jury. Defendant's evidence consists of Officer Shaffer's report on the incident and answers to interrogatories together with the statements taken from three eyewitnesses to plaintiff's alleged conduct of rubbing against women in the Southern Market. Officer Shaffer

himself claims to have observed plaintiff's flagrant conduct in the market. Plaintiff would have a jury believe that he was an innocent shopper going about his weekly errands when he was illegally arrested without cause and detained for over seven hours and subsequently prosecuted on a bogus charge. Although plaintiff admitted in his deposition that he could have innocently rubbed against other shoppers in a crowded marketplace, he flatly denied intentionally doing so and stated that he did not even remember touching anyone (Plaintiff's Deposition, p. 10).

We, therefore, believe the question of the existence of probable cause must await resolution of certain factual issues, based mainly on the credibility of the witnesses and parties to this case, by the jury.

So too, we also believe the question of the presence of the requisite malice is a jury question to be decided at the time of trial. Hugee, supra.

Accordingly, we enter the following

## ORDER

And now, October 12, 1982, upon consideration of the cross motions for summary judgment filed by plaintiff, Pablo Alvarez, and defendants, Officer Donald Shaffer, Lancaster City Police Department and City of Lancaster, the court:

(a) Grants defendants' motion for summary judgment as it pertains to Count I of plaintiff's complaint on the ground that defendants are immune from liability;

(b) Dismisses plaintiff's motion for summary judgment on Count I of plaintiff's complaint;

(c)  Grants the motion for summary judgment of the City of Lancaster and the Police Department of the City of Lancaster as it pertains to Count II of plaintiff's complaint on the ground that these defendants are immune from liability; and

(d)  Dismisses the motion for summary judgment of defendant, Officer Donald Shaffer, as it pertains to Count II of plaintiff's complaint.