## McClure v. Kline Roofing Siding Insulation, Inc.

*Jefferson C. Crosby,* for plaintiff.
*Loren A. Schrum,* for defendant.

ECKMAN, *J.,* March 18, 1985 — Presently before the court is the motion for summary judgment filed by plaintiff, Thalia McClure, against defendant, Ralph F. Kline Roofing Siding Insulation, Inc.

On August 21, 1984, plaintiff filed a complaint against defendant in which she seeks to recover a $2,000 down payment given to defendant pursuant to a contract for the repair of plaintiff's roof. Defendant filed an answer and new matter on October 2, 1984. On October 11, 1984, plaintiff filed an answer to new matter. Plaintiff filed the instant motion for summary judgment and an affidavit in support thereof on November 16, 1984. Defendant filed an affidavit in opposition to plaintiff's motion on December 6, 1984. Briefs having been submitted by the parties, the motion is ready for disposition.

The principles to be applied when ruling upon a motion for summary judgment are well settled. Summary judgment shall be rendered only

" . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment may be granted only in the clearest of cases. Granthum v. Textile Machine Works, et al., 230 Pa. Super. 199, 326 A.2d 449 (1974). The court must view the evidence in the light most favorable to the nonmoving party, and any doubts must be resolved against the entry of summary judgment. Yaindl v. Ingersoll-Rand Company Standard Pump-Aldrich Division, 281 Pa. Super. 560, 422 A.2d 611 (1980).

For purposes of the motion, the record discloses that on July 9, 1984, plaintiff and defendant entered into a written contract whereby defendant agreed to repair and replace the roof on plaintiff's home (complaint, Paragraph 3, Exhibit A). This contract was presented to plaintiff at her home by Ralph Kline, the president of defendant (complaint, Paragraphs 4, 12). The contract provides that the total price to

be paid by plaintiff for defendant's services is $5,640, including a down payment of $2,000 (complaint, Exhibit A). Plaintiff paid defendant $2,000 in cash as the down payment (complaint, Paragraph 5).

On July 11, 1984, plaintiff sent defendant a letter rescinding the contract and demanding return of the $2,000 down payment (complaint, Paragraphs 7, 8). Defendant has refused to return the $2,000 to plaintiff (complaint, Paragraph 9). The contract does not contain a clause advising plaintiff of her right to cancel the contract, nor was she orally advised of such by Ralph F. Kline (complaint, Paragraph 13; Affidavit, Paragraph 4). Plaintiff did not execute a written waiver nor express an oral waiver of her right to cancel (Affidavit, Paragraph 3).

This case clearly falls within the provisions of Pennsylvania's Unfair Trade Practices and Consumer Protection Law[1] (hereafter Consumer Protection Law). The pertinent provisions of section 1[2] applicable to this case are as follows:

"§201-7 Contracts; effect of rescission

(a) Where goods or services having a sale price of twenty-five dollars ($25) or more are sold or contracted to be sold to a buyer, as a result of, or in connection with, a contact with or call on the buyer at his residence, that consumer may avoid the contract or sale by notifying, in writing, the seller within three full business days following the day on which the contract or sale was made. . . . Such notice of rescission shall be effective upon depositing the same in the United States mail or upon other service which gives the seller notice of rescission.

---

1. Act of November 24, 1976, P.L. 1166, §1, 73 P.S. 201-7, et seq., Supplement.

2. Supra, 73 P.S. §201-7(a), (b)(1)(2), (j), Supplement.

(b) At the time of the sale or contract the buyer shall be provided with:

(1) A fully completed receipt or copy of any contract pertaining to such sale, which is in the same language (Spanish, English, etc.) as that principally used in the oral sales presentation, and also in English, and which shows the date of the transaction and contains the name and address of the seller, and in immediate proximity to the space reserved in the contract for the signature of the buyer or on the front page of the receipt if a contract is not used and in bold face type of a minimum size of ten points, a statement in substantially the following form:

'You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right.'

(2) A completed form in duplicate, captioned 'Notice of Cancellation', which shall be attached to the contract or receipt and easily detachable, and which shall contain in ten-point bold face type the following information and statements in the same language (Spanish, English, etc.) as that used in the contract:

Notice of Cancellation

(Enter date of Transaction)

You may cancel this transaction, without any penalty or obligation, within three business days from the above date. . . .

. . .

(j) Rights afforded under this section may be waived only in circumstances where the goods or services are needed to meet a bona fide immediate personal emergency of the buyer and the buyer furnishes the seller with a separate dated and signed personal statement in the buyer's handwriting de-

scribing the situation requiring immediate remedy and expressly acknowledging and waiving the right to cancel the sale within three business days."

It is not disputed that this case involves the sale of "goods or services having a sales price of twenty-five dollars ($25) or more", nor that the sale arose out of "a contact with or call on the buyer at his residence." Section 201-7(a), supra.

Section 1 of the Consumer Protection Law provides purchasers within the protected class with the right to cancel the contract within three business days following the day on which the contract or sale was made. Section 201-7(a), supra. Furthermore, the Consumer Protection Law requires that contracts covered by the act contain a clause advising the purchaser of the right to cancel the contract. Section 201-7(b), supra. Finally, the purchaser may waive her right to cancel the contract only by furnishing the seller with a separate dated and signed statement in the purchaser's handwriting and only if the goods or services purchased are needed to meet a bona fide immediate personal emergency of the purchaser. Section 201-7(j), supra.

Plaintiff contends that she is entitled to summary judgment because as a matter of law she was entitled to cancel the contract pursuant to section 1 of the Consumer Protection Law, supra. Plaintiff also alleges that since no question of material fact exists on this issue, summary judgment may properly be granted. Defendant concedes that this case is governed by section 1 of the Consumer Protection Law. Defendant, however, alleges that plaintiff is not entitled to summary judgment because plaintiff experienced a personal emergency situation and there are questions of material fact as to whether plaintiff waived her right of cancellation and whether de-

fendant discussed the right of cancellation with plaintiff.

As to defendant's first contention that a question of material fact exists as to whether plaintiff waived her right of cancellation, defendant argues that it is the purchaser's duty to supply the seller with a written waiver. Therefore, defendant cannot be held responsible for the fact that no written waiver was obtained. We disagree.

The Consumer Protection Law does not specifically state that it is the seller's duty to obtain a written waiver. By implication, however, we find that this is the only plausible interpretation. The Consumer Protection Law was enacted by the Legislature to protect consumers from unfair or deceptive business practices. Culbreth v. Lawrence J. Miller, Inc., 328 Pa. Super. 374, 477 A.2d 491 (1984); Commonwealth by Packel v. Ziomek, 352 A.2d 235 (1976). Considering the legislative purpose of the law and the specific language of section 201-7(j), supra, it is preposterous to suggest that the burden of obtaining a written waiver must rest with the purchaser. To the contrary, we believe that the purchaser cannot waive any rights under the Consumer Protection Law unless (1) there is a personal emergency and (2) the seller obtains a waiver from the purchaser in writing. If no written waiver is obtained from the purchaser in an emergency, the right of cancellation remains intact. Section 201-7(j), supra. Since defendant failed to obtain a written waiver from plaintiff in an emergency situation, we find that no question exists as to whether plaintiff waived her right of cancellation.

As to defendant's argument that a question exists as to whether defendant discussed the right of cancellation with plaintiff, we find this argument to be meritless. Assuming that defendant did discuss the

right of cancellation with plaintiff, it has no bearing on plaintiff's right to cancel the contract in view of the fact that plaintiff never executed a written waiver. Therefore, the question of whether defendant discussed the right of cancellation with plaintiff is immaterial.

Since plaintiff in fact exercised her right to cancel the contract within three business days from the date the contract was executed, we find that summary judgment may properly be granted.

Accordingly, we enter the following

## ORDER

And now, March 18, 1985, the motion for summary judgment filed by plaintiff, Thalia McClure, is sustained and summary judgment is entered in favor of plaintiff against defendant, Ralph F. Kline Roofing Siding Insulation, Inc., in the amount of $2,000.