## Rosen v. American Bank of Rolla

*Russell D. Henkin,* for plaintiff.

*Catherine N. Jasons,* for defendant American Bank of Rolla.

*William D. Hildebrand,* for defendant Charles Golin.

ECKMAN, *P.J.,* August 8, 1989 — Before the court is the motion for summary judgment filed by defendant, American Bank of Rolla, against all other parties.

This voluminous matter has a long procedural history which has been discussed at length in prior opinions. Relative to the instant motion, defendant American Bank's preliminary objections to count I of plaintiff's second amended complaint were sustained on February 12, 1988, for failure of plaintiff to state a cause of action upon which relief could be granted. The sole remaining count is count II, intentional infliction of emotional distress.

Defendants American Bank and Golin answered the second amended complaint on March 1 and March 2, 1988, respectively. On November 25, 1988, following discovery wherein interrogatories were answered, defendant American Bank filed the instant motion for summary judgment and brief in support thereof. Plaintiff filed an answer thereto on January 5, 1989, 29 business days from the filing of defen-

dant's motion. Despite the fact that plaintiff failed to timely file his answer and supporting brief within the requisite 10-day time limit, we will nevertheless address this motion on the merits. Lanc.R.C.P. 31 B.

The principles to be applied in ruling upon a motion for summary judgment are well settled. Summary judgment shall be rendered only " . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment should be granted only in the clearest of cases. *Granthum v. Textile Machine Works*, 230 Pa. Super. 199, 326 A.2d 449 (1974). The court must view the evidence in the light most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment. *Yaindl v. Ingersoll-Rand Company*, 281 Pa. Super. 560, 422 A.2d 611 (1980).

The ponderous record reveals the facts, which are reiterated briefly. Plaintiff, an attorney, alleges that on May 1, 1986, defendants improperly served him with a subpoena to appear for a deposition for a legal action in Pennsylvania while he was in the midst of trial of an unrelated case in a San Antonio, Texas court. Plaintiff contends that defendants, in order to harass and humiliate him, hired a Texas court reporter, who was not a proper process server, to orally and loudly serve him a subpoena in open court. Plaintiff further contends that he suffered humiliation and embarrassment in front of friends and colleagues, and was "profoundly disturbed and upset" as a result of defendants' deliberate action.

Plaintiff admits that he: (1) was never hospitalized for emotional distress following the incident; (2) has never seen a doctor for his alleged distress;

(3) has fully recovered from all claimed injuries; and (4) has suffered no loss of work or income as a result of such injury. Moveover, plaintiff has not listed any members of the medical profession in response to an interrogatory regarding experts expected to testify on his behalf at trial.

Defendants admit that a subpoena was served on plaintiff in San Antonio, Texas by a court reporter hired for that purpose. However, defendants deny that: (1) they were intentionally acting in contravention of the rules regarding subpoenas; (2) the court reporter was an improper process server; (3) such reporter was instructed to serve the subpoena orally and loudly in open court; and (4) that the court reporter in fact orally and loudly served the subpoena in open court. On the contrary, defendants contend that the subpoena server was instructed to perform, and actually did perform, proper service of the subpoena on plaintiff discreetly during a recess in the court proceeding. Moreover, it is averred that the court reporter engaged by defendants was a proper process server in that he was empowered in Texas to serve subpoenas.

The gravamen of the cause of action for intentional infliction of emotional distress is the outrageousness of the conduct of which the plaintiff complains. *Jones v. Nissenbaum, Rudolph & Seidner,* 244 Pa. Super. 377, 368 A.2d 770 (1976). Since the essential factual disputes here concern the very nature and tone of the conduct, which reflects directly on the question of outrageousness, we find that there are genuine issues of material fact.

Defendant American Bank attempts to refute the materiality of these factual disputes by claiming that, even if we accept all of plaintiff's contentions as true, plaintiff cannot possibly sustain his case for intentional infliction of emotional distress. Specifically,

defendant maintains, citing *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988 (1987), that because plaintiff was never treated for his alleged injuries by a doctor who can testify regarding the nature and extent of the actual emotional harm, he cannot recover as a matter of law. We disagree.

In *Kazatsky,* the court non-suited the plaintiffs' case because they merely presented bald allegations of severe emotional distress at trial without any supporting competent medical evidence. The court did note that neither plaintiff had been medically treated for his/her alleged emotional injuries, but never specifically held that plaintiffs must actually receive medical attention in order to recover for intentional infliction of emotional distress. *Kazatsky, supra; Paul v. Lankenau Hospital,* 375 Pa. Super. 1, 543 A.2d 1148 (1988). Presumably, under *Kazatsky,* plaintiffs who allege intentional infliction of emotional distress simply must provide competent medical testimony generally supportive of the symptoms, severity, causation, or incidence of the alleged emotional injury in order to sustain their claims.

Although we recognize that the *Kazatsky* decision may ultimately control the outcome of this case, we believe that the granting of summary judgment now on this basis would be premature. The *Kazatsky* court's requirement of competent medical evidence to support claims of severe emotional distress is properly a matter of proof to be resolved at the time of trial. In spite of the fact that plaintiff never consulted a doctor, whether he still can produce competent medical support for his claimed injuries remains unknown. In light of this uncertainty, however remote, and the disputes of material fact herein set forth, summary judgment is improper. Pa.R.C.P. 1035(b); *Granthum v. Textile Machine Works, supra.*

Accordingly, we enter the following

## ORDER

And now, August 8, 1989, the court denies the motion for summary judgment filed by defendant, American Bank of Rolla, to the second amended complaint filed by plaintiff, Paul Rosen.